**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**AZIEWE CALLWOOD** **CIVIL ACTION NO. 24-1316**

**SECTION P**

**VS.**

**JUDGE TERRY A. DOUGHTY**

**CALCASIEU CORRECTIONAL CENTER, ET AL.** **MAG. JUDGE KAYLA D. MCCLUSKY**

## REPORT AND RECOMMENDATION

Petitioner Aziewe Callwood, a pre-trial detainee at Riverbend Detention Center proceeding pro se, filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, on approximately September 16, 2024. Petitioner seeks release from incarceration and the dismissal of his pending charges.[1] For reasons below, the Court should dismiss Petitioner's petition.

## Background

Petitioner was arrested on state criminal charges on June 3, 2024, under a warrant from Georgia. [doc. # 5, p. 2]. He appears to claim that he has "never been summon[ed] on a complaint nor summon[ed] on an indictment or information by [the] State of Georgia, Cobb County." *Id.* at 3, 10.

Petitioner was also charged with offenses under Louisiana law: resisting arrest, being a felon in possession of a firearm, illegally possessing a firearm, and possessing a controlled dangerous substance. *Id.* at 2.

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Petitioner had an initial appearance on June 4, 2024. *Id.* at 5. He claims that he did not have a preliminary examination within fourteen days following his initial appearance. [doc. # 4, p. 6; 5, p. 8].

Next, Petitioner states that he was arraigned on July 15, 2024. [doc. # 4, p. 6]. He appears to claim that he did not receive a "Notice of Felony Arraignment" until the next day, July 16, 2024. *Id.* He also claims that a district attorney did not sign or seal the "Notice of Felony Arraignment." [doc. #s 4, pp. 2, 6; 4-1, p. 1; 5, p. 8].

On October 10, 2024, a state court judge dismissed Petitioner's charge of possessing a firearm. [doc. # 5, p. 8]. Petitioner later pled guilty to one of his remaining charges, possessing a controlled dangerous substance. *Id.*

Finally, Petitioner appears to claim that respondents have not propounded required disclosures in his state proceeding. [doc. # 5, p. 3].

## Law and Analysis

The Court should abstain. Federal courts should abstain "if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987).

While the thrust of the Fifth Circuit's opinion in *Dickerson* concerned a Sixth Amendment speedy trial claim, the petitioner there also argued that his pre-indictment delay violated his "due process rights under the fourteenth amendment . . . ." *Id.* at 223. The court opined:

> The fact that the due process clause plays some role in protecting against the prejudice of preindictment delay, however, does not mean that a petition for habeas corpus relief filed before commencement of the defendant's trial is the proper vehicle to protect this right. We believe that the same federalism reasons

> that prevent a defendant's sixth amendment claims from "derailing" a pending state proceeding unless "special circumstances" exist also renders pretrial habeas corpus relief an inappropriate vehicle to consider the merits of Dickerson's due process claim. Dickerson can present both his fourteenth amendment due process claim as well as his sixth amendment speedy trial claim in the state court at trial where they can be considered.

*Id.*

Here, Petitioner seeks to 'disrupt the orderly functioning of state judicial processes' or to otherwise 'derail' or 'abort' his pending state court proceeding. *See id.* at 226. Pre-trial habeas corpus is an inappropriate vehicle in which to consider the merits of the instant claims.[2]

While federal *habeas* relief may be available prior to trial or conviction if "special circumstances" exist, Petitioner's filings do not reveal any special circumstances. "Federal habeas corpus should not be used as a 'pretrial motion forum for state prisoners.'" *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1974) (quoting *Braden*, 410 U.S. at 508).

Petitioner can present his claims before the state trial court and, if necessary, he can seek relief thereafter before the appropriate state appellate court, before the Supreme Court of Louisiana, and via post-conviction review in the state courts. A habeas corpus remedy remains available to Petitioner "after the conclusion of the state proceedings against him, if he is in

[2] Even assuming *Dickerson* only applied to affirmative defenses—for instance, cases in which petitioners seek to abort state court trials due to alleged speedy-trial or double-jeopardy violations—the undersigned would recommend that the Court abstain under *Younger v. Harris*, 401 U.S. 37 (1971), which is not limited to proceedings in which petitioners seek relief grounded in affirmative defenses. Also, the undersigned would recommend applying *Younger* even though Petitioner seeks dismissal of his charges and release from confinement rather than the precise injunction the plaintiff sought in *Younger*. In *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977), the court opined: "We do not believe that the mere fact that the relief sought by Petitioner here federal habeas relief prior to a pending state criminal trial is different from the type of relief sought in *Younger* makes the requirements announced in *Younger* any less applicable to this case. There is no practical difference between granting federal habeas relief from a pending state criminal trial and enjoining the same trial. The principles of federalism and comity which underlie *Younger* are present in both. Thus, we conclude that Petitioner must satisfy the *Younger* abstention hurdles before we may give federal habeas relief."

custody pursuant to conviction and has exhausted his state remedies." *See Dickerson*, 816 F.2d at n.16.

Accordingly, the Court should abstain and, consequently, dismiss these claims without prejudice.

**Conclusion**

For the reasons above, **IT IS RECOMMENDED** that Petitioner Aziewe Callwood's petition be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 25th day of October, 2024.

Kayla Dye McClusky
United States Magistrate Judge